IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSE CORPORATION,<br><br>                    Plaintiff,<br><br>         v.<br><br>SDI TECHNOLOGIES, INC., IMATION<br>CORP., MEMOREX PRODUCTS, INC., 3XM<br>CONSULTING, LLC, and DPI, INC.,<br><br>                    Defendants. | Civil Action No. 09-cv-11439-PBS |

## BOSE CORPORATION'S INTERIM STATUS REPORT
## REGARDING REEXAMINATION

Pursuant to this Court's Electronic Order of October 27, 2010 and Judge Saris' prior

Order of May 6, 2010 (Dkt. No. 93), plaintiff Bose Corporation ("BOSE") files this Status

Report in response to the "Second Update on the Status of the Pending Reexamination" (Dkt.

No. 117) filed by Defendants DPI, Inc., Imation Corp., and Memorex Products, Inc.

(collectively, "Defendants").

**1.**      **Summary of Recent Events in the Reexamination**

On September 29, 2010, the Examiner issued a Right of Appeal Notice ("RAN"),

maintaining her rejections of the '765 patent claims.  This outcome was not unexpected and was

forecast in prior briefing before Judge Saris.  In connection with BOSE's Motion for Relief,

BOSE observed that, statistically speaking, there was only an 11% chance that the Examiner

would reverse herself as to the rejections she already issued.  (Dkt. No. 85 at 5).  Thus, the fact

that the Examiner has refused to budge is not newsworthy.

On October 29, 2010, BOSE filed a timely appeal to the Patent Office's Board of Patent Appeals and Interferences (BPAI).[1]  (Exhibit A).  Presently, its brief is due by December 29, 2010.  Because the Examiner has taken a completely unreasonable position in refusing to consider evidence that was properly submitted by BOSE, BOSE also simultaneously filed a Petition to the Director of the Patent Office.  (Exhibit B).

2.      **The Merits of BOSE's Petition in the Reexamination**

The issue raised in BOSE's Petition concerns the Examiner's refusal to consider evidence regarding whether a "radio tuner" is the same thing as a "television tuner."  This is relevant to claims 20, 25-26 and 41 of the '765 patent, all which require a "radio tuner."[2]  The prior art that the Examiner used to reject these claims, the Cluts and Frank patents, discloses television tuners, but not radio tuners.

Initially in the reexamination, the Examiner took the position that the claimed radio tuner was "analogous" to a "receiver," as disclosed in the Cluts patent, and with respect to the Frank patent, the Examiner merely stated that the reference discloses "several types of consumer electronics devices via the network, including a tuner (radio tuner), powered speaker, television, or a computer system."  (Exhibit B, at 3).  BOSE duly responded to these arguments.  *Id.*  In her next communication, the Action Closing Prosecution ("ACP"), the Examiner changed her position, arguing ***for the first time*** that because the Cluts patent discloses a television set, Cluts also discloses a radio tuner because "[a] TV tuner is a type of radio tuner."  *Id.*  The Examiner adopted a similar position with respect to the Frank patent.  *Id.*

---

[1] As was also noted in connection with the prior briefing, the likelihood of BOSE overturning the Examiner's rejections increases substantially when those rejections are considered in an appeal to the BPAI.  (Dkt. No. 85 at p. 5).

[2] Claims 20, 25 and 41 are infringed by the Defendants.  *See* Dkt. No. 69.

To rebut the Examiner's new interpretation of "radio tuner," BOSE submitted with its response a Second Declaration from one of the inventors, Dr. Beckmann. In his Second Declaration, Dr. Beckmann explained that a "radio tuner," as understood in the field of audio design, is a type of tuner that receives AM/FM broadcasts, *e.g.*, from a radio station. Consistent with this fact, the '765 patent characterizes the tuner interchangeably as a "radio" tuner and an "AM/FM" tuner. Dr. Beckmann further testified that although televisions also include a tuner, a designer of audio systems, prior to the filing date of the '765 patent, would not consider a television tuner as incorporated in television sets at that time to be a type of "radio tuner." This is because the designer would not consider the television tuner to be an AM/FM tuner that receives radio broadcasts. On the contrary, the designer would consider the two types of tuners to be distinct from each other and designed for different purposes. *See id.* at 3-4.

BOSE also explained why the Second Declaration was necessary, and why it was unable to submit this evidence earlier:

> The interpretation of "radio tuner" that the Examiner and Cross [Defendants' Expert] posit is inconsistent with the '765 patent specification, as well as how audio design engineers would interpret the term "radio tuner." Patent Owner refers the Examiner to the Second Declaration of Dr. Paul E. Beckmann, submitted concurrently with this Response. The Declaration is necessary to address the meaning of "radio tuner" offered by the Examiner and Cross declaration that appeared after Patent Owner submitted its initial Response. Accordingly, the Patent Owner could not have submitted the content of this Declaration earlier. Patent Owner, therefore, requests entry and consideration of the Second Declaration pursuant to 37 CFR § 1.117(e) [sic, 1.116(e)].

*Id.* at 4.

The Examiner, however, in the Right of Appeal Notice, summarily refused to consider the Second Beckmann Declaration. *Id.* In so doing, the Examiner violated 37 C.F.R. 1.116(e), which explicitly permits entry of evidence submitted after an ACP upon a showing that the evidence was necessary and could not have been presented earlier. *Id.* Because it is clear that

the Examiner abused her discretion in this instance, BOSE's Petition asks the Director to reverse

the Examiner and enter the Second Beckmann Declaration.[3]

3.      **The '765 Patent Remains Valid And Enforceable**

        As they have done in their previous court filings (*see, e.g.*, Dkt. No. No. 77 at 3, 6), the

Defendants have ***greatly*** overstated the significance of the events that have transpired to date.

The Patent Office most certainly has ***not*** concluded that the '765 patent was "improvidently

granted."  *See* Defendants' Status Report, Dkt. No. 117 at 2.

        In fact, by statute, the proceedings in the Patent Office thus far ***have no substantive effect***

***on the validity of the patent***, and will not until and unless there is a review and affirmance by the

Federal Circuit.  Under the reexamination statute, the Patent Office can only issue a certificate

canceling claims found invalid in a reexamination after the time for appeal to the Federal Circuit

has expired or any appeal proceeding has terminated.  35 U.S.C. § 307.  Thus, the '765 patent

remains legally valid and enforceable until there is an adverse final reexamination decision by

the Patent Office, after appeal to the BPAI, which has been appealed to and upheld by the

Federal Circuit.  *See Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1366

n.2 (Fed. Cir. 1992) (holding that the Board of Appeals' reexamination decision was not "a final

adjudication of the matter" because it was subject to judicial review); *In re Bass*, 314 F.3d 575,

577 (Fed. Cir. 2002) ("A reexamination is complete upon the statutorily mandated issuance of a

reexamination certificate."); *Fresenius Med. Care Holdings, Inc. v . Baxter Intern. Inc.*, 2007

WL 1655625, at *4 n.2 (N.D. Cal., June 7, 2007) (same); *Construction Equipment Co. v.

Powerscreen Int'l. Dist., Ltd.*, 2009 WL 437703, at *5 (D. Or., Feb. 19, 2009) ("the decision of

the PTO is not final and the [patent] cannot be considered invalid under 35 U.S.C. § 282 until

---

[3] The Defendants have one month to file a response to BOSE's Petition.

pending appeals are complete.  Accordingly, no competitors can practice the claimed invention without risk of violating Plaintiffs' patent").

Accordingly, since the sole thrust of Defendants' renewed request for an entire stay of the litigation (or voluntary dismissal of the suit) is based on the totally incorrect premise that the status of the '765 patent has changed in the course of the reexamination, the Court should reject it outright.  *See* Dkt. No. 117 at 2-3.  Fundamentally, the '765 patent remains valid and enforceable; the legal status of the '765 patent is ***unchanged***.

In fact, Judge Saris has already squarely considered and rejected Defendants' same arguments in connection with her rulings on Defendants' Renewed Motion for a Stay (Dkt. No. 77) and BOSE's Motion for Relief (Dkt. No. 81).  In connection with both, Defendants urged that the Court impose an entire stay, arguing – incorrectly – that the Patent Office rejections had affected the validity of the patent.  In its Renewed Motion, Defendants argued that in view of the Examiner's initial action, "the PTO reached the conclusion that the '765 Patent claims are unpatentable … and that the patent should never have issued."  Dkt. No. 77 at 6.  Similarly, in its Opposition to BOSE's Motion for Relief, Defendants argued that a stay would not prejudice BOSE "since one has no right to enforce an invalid patent, there is no prejudice at all if, as the Patent Office has now concluded, the patent should never have issued."  Dkt. No. 83 at 8.  In issuing her May 5, 2010 Order, Judge Saris rejected Defendants' request for an entire stay, and instead ordered limited discovery and mediation.  *See* Dkt. No. 93.

Defendants have provided no basis to depart from that prior Order.  As discussed above, the events that have transpired in the reexamination (except for the Examiner's abuse of discretion in refusing to consider BOSE's evidence), were already considered and predicted when the Court issued its May 5 Order for limited discovery.

## Conclusion

For all of the foregoing reasons, the Defendants' Status Report – to the extent

construed as a legitimate form of requested relief – should be denied.


Dated:  November 3, 2010

/s/  Mark J. Hebert
Mark J. Hebert (BBO 546,712)
Jolynn M. Lussier (BBO 564,636)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110-2804
Tel:  (617) 542-5070
Fax:  (617) 542-8906
Attorneys for Plaintiff
BOSE CORPORATION


## CERTIFICATE OF SERVICE

Pursuant to D. Mass Local Rule 5.4(c), I hereby certify as registered counsel for Plaintiff Bose Corporation, that on November 3, 2010, this document(s) filed through the ECF system will be sent electronically to registered counsel for all defendants as identified on the Notice of Electronic Filing (NEF).

/s/  Mark J. Hebert


22521463.doc